**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARIO HERNANDEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-949-XR |
| | § | |
| BANDERA COUNTY, and SHERIFF | § | |
| WELDON TUCKER, in his Official | § | |
| Capacity, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this day, the Court considered Defendant Sheriff Tucker's Motion to Dismiss (Docket Entry No. 3) and Plaintiff Mario Hernandez's Response (Docket Entry No. 4). For the following reasons, defendant's motion to dismiss is GRANTED.

**Background and Procedural History**

Plaintiff Hernandez filed a complaint asserting claims against Bandera County and Sheriff Weldon Tucker for discrimination and retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[1] He alleges that, while employed for two years by the Bandera County Sheriff's Office, he suffered discrimination based on his national origin by being subjected to a higher standard of performance than similarly situated co-workers, discriminatory comments, disciplinary measures that similarly situated co-workers were not subjected to for similar conduct, a discriminatory work environment, and denial of career opportunities.[2] He also alleges that

---

[1]Pl.'s Orig. Compl., Nov. 23, 2010 (Docket Entry No. 1).

[2]*Id.* at 2.

1

he was subject to retaliation and reprisal for opposing such discriminatory practices.[3]  Defendant Bandera County filed an answer to the complaint.[4]  Sheriff Tucker filed this motion to dismiss.[5]

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  FED. R. CIV. P. 12(b)(6).  The Court must accept the facts alleged a plaintiff's complaint as true.  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment.  FED. R. CIV. P. 12(d).  To survive a motion to dismiss for failure to state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Factual allegations must be sufficient to "raise a right to relief above the speculative level."  *Id.*

## Analysis

Sheriff Tucker's motion seeks dismissal of the claims against him in his official capacity on the basis that they are redundant because they are actually claims against Bandera County.[6]  A lawsuit against an official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  A Plaintiff can

---

[3]*Id.*

[4]Def. Bandera County's Orig. Ans., Dec. 20, 2010 (Docket Entry No. 5).

[5]Def. Tucker's Mot. to Dismiss, Dec. 3, 2010 (Docket Entry No. 3).

[6]*Id.*

2

recover damages only against the entity, not the individual. *Id.* Thus, the claims against Sheriff Tucker in his official capacity are effectively claims against the Bandera County Sheriff's Department.

Hernandez does not dispute that his official capacity claims are claims against the Bandera County Sheriff Department. Even so, he argues that his claim should survive because the Bandera County Sheriff's Department is a separate entity from Bandera County, and enjoys "considerable latitude and autonomy."[7] Pursuant to the Texas Local Government Code, the Sheriff is a county officer, and thus the Sheriff's Department effectively operates under the control of the county. *See* TEX. LOCAL GOVT CODE Chapter 85. Accordingly, the Sheriff's Department is not a proper jural entity subject to suit. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Taylor v. Bexar County*, Order Granting Motion to Dismiss, Case No. SA-CV-241-XR (W.D. Tex. May 11, 2009). Hernandez therefore fails to state a claim against Sheriff Tucker in his official capacity.

### Conclusion

Sheriff Tucker's motion to dismiss for failure to state a claim is GRANTED. Hernandez has not asserted claims against Sheriff Tucker in his individual capacity. Accordingly, only Hernandez's claims against Bandera County remain.

It is so ORDERED.

SIGNED this 31st day of January, 2011.



---

[7]Pl.'s Resp. 2, Dec. 9, 2010 (Docket Entry No. 4).

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE